

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-95,386-02

### EX PARTE BYRON JERMAINE PROPHET, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 1155797-A IN THE 337TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

### O P I N I O N

Applicant was convicted of possession of a controlled substance with intent to deliver was sentenced to sixteen years' imprisonment. The First Court of Appeals affirmed his conviction. *Prophet v. State*, No. 01-08-00863-CR (Tex. App.—Houston [1st Dist] Jan. 14, 2010) (not designated for publication). Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In two grounds, Applicant alleges that he was denied due process when the State used false information to secure a narcotics search warrant and then used false trial testimony to obtain a conviction against him. Applicant's claims relate to the discovery of prior misconduct by former

Houston Police Officer Gerald Goines, who was the primary witness against Applicant in his case. Based on the record, the trial court found that Applicant's conviction was obtained by false evidence provided by Goines. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and trial court both recommend granting relief. We agree.

Relief is granted. The judgment in cause number 1155797 in the 337th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charge as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Delivered: August 21, 2024
Do not publish